## WEHLE v. KOCH, (two cases.)

### (Superior Court of New York City, General Term. April 11, 1892.)

1. PAYMENT OF LEGACIES—DEBT DUE TESTATOR—RIGHTS OF CREDITORS.
   In an action by a receiver in supplementary proceedings against an executor to obtain satisfaction of a judgment against a legatee out of funds in the hands of the executor it appeared from the complaint that the legacy was of the sum of $10,000, payable in yearly installments of $1,000 each, and that by paying the legatee a sum in cash, and crediting him with a debt due testator, the executor had overpaid installments accrued when the action was brought. Held, that it was the duty of defendant executor to first apply the debt pro tanto to the payment of the legacy, and that the complaint, showing nothing due the legatee, was properly dismissed.

2. SAME—AMENDED COMPLAINT.
   An amended complaint, omitting the allegation as to the debt due testator, was properly stricken out, since the burden thereby imposed on defendant of pleading and proving the debt could be discharged by merely reading in evidence the original complaint, wherein the debt was affirmatively alleged.

3. PLEADING—DEFECTIVE COMPLAINT AND ANSWER—RIGHTS OF DEFENDANT.
   In such case, though the defense set up in the answer, of want of authority in plaintiff receiver to sue because not conferred in the appointing order, was bad, defendant was entitled to show that on the face of the complaint plaintiff was not entitled to judgment.

Appeal from special term.

Action by Henry Wehle, receiver of the property of Herman Koch against John V. Koch, surviving executor of John C. Koch, deceased, to subject a legacy in the hands of defendant to the satisfaction of a judgment against the legatee, Herman Koch. Plaintiff demurred to the answer in so far as to set up a legal incapacity of the receiver to sue because of the omission of authority to sue in the appointing order. From an order sustaining this demurrer defendant appeals. Reversed. From an order striking out an amended complaint, and from a judgment dismissing the complaint, plaintiff appeals. Affirmed.

The following opinion was delivered by McADAM, J., at special term: "The moneys in the hands of the defendant are held by him in trust under the will of John V. Koch. The trust is therefore one created by a person other than the judgment debtor. Code, § 1879. A judgment creditor might nevertheless by bill in equity reach any surplus that had accumulated in the hands of the trustees, and provision might be made in the judgment determining what would be a reasonable allowance for the cestui que trust, and directing the application towards the judgment of any future surplus until the same is fully paid, (Williams v. Thorn, 70 N. Y. 270; Wait, Fraud. Conv. §§ 45, 360;) and a receiver appointed in supplementary proceedings may seemingly maintain such an action, (McEwen v. Brewster, 19 Hun, 337, overruling previous decision in same case reported in 17 Hun, 227.) But that is not the nature of the present suit. The complaint proceeds on the theory that the judgment debtor was entitled at the time action was commenced, as of right, to money more than sufficient to satisfy the plaintiff's judgment, and the prayer is for an accounting and decree directing the defendant to satisfy the demand at once. It appears that John C. Koch, the testator, died February 7, 1888, and by the tenth clause of his will he gives

to his son (the judgment debtor) a legacy of $10,000, to be paid in installments of $1,000 each year, the first to be paid in one year after the decease of the testator. Under this provision the judgment debtor became entitled to $1,000 February 7, 1889, $1,000 February 7, 1890, and $1,000 February 7, 1891, in all $3,000. The complaint further alleges that the judgment debtor owed the testator at the time of his decease $1,829.15, and that the defendant paid the judgment debtor $1,827.10. The two sums, aggregating $3,656.25, exceed the installments due the judgment debtor when this suit was commenced; hence there was nothing owing to him or his receiver at that time. The legacy to the son did not discharge the debt he owed the testator. *Ricketts* v. *Livingston*, 2 Johns. Cas. 97; *Clark* v. *Bogardus*, 2 Edw. Ch. 387; and cases collated in Redf. Pr. (3d Ed.) 579. It was the duty of defendant, as executor, to first apply the debt *pro tanto* to the extinguishment of the legacy, (*Stagg* v. *Beekman*, 2 Edw. Ch. at page 92,) and he could not postpone or avoid this duty. It is apparent, therefore, that an accounting cannot change these figures nor alter the result which follows. The plaintiff desired to amend his complaint by omitting the allegations as to the debt. This would simply impose upon the defendant the duty of pleading and burden of proving the debt, which might be accomplished by reading in evidence the original complaint, in which its existence is affirmatively alleged, (*Fogg* v. *Edwards*, 20 Hun. 90: *Whitney* v. *Town of Ticonderoga*, [Sup.] 6 N. Y. Supp. 844,) so that the amendment proposed has nothing of practical utility to commend it. The amendment could not alter the facts, and the application therefor will be denied, and the complaint dismissed, without prejudice to a new action in suitable form at the proper time. Submit findings and order embodying the decision."

Argued before SEDGWICK, C. J., and DUGRO and GILDERSLEEVE, JJ.

*Edward Grosse*, for plaintiff.     *William O. Campbell*, for defendant.

DUGRO, J. Of these appeals one is by the defendant from an order sustaining plaintiff's demurrer to part of the answer, and from the judgment entered thereon. The others are by the plaintiff from an order striking out his amended complaint, and from a judgment dismissing the complaint. The plaintiff's appeals are decided against him upon the opinion of the learned judge who dismissed the complaint. It follows that the order sustaining the demurrer, and the judgment thereon, must be reversed, for on a demurrer to an answer the defendant may show that on the face of the record plaintiff is not entitled to final judgment. *Parsons* v. *Hayes*, 50 N. Y. Super. Ct. R. 29; *Genet* v. *Kissam*, 53 N. Y. Super. Ct. R. 42. All concur.